**In re Estate of Shepley**

WILLIAMSON, *J.*, Sept. 25, 2014—Kenneth Shepley, the petitioner, seeks issuance of a subpoena to secure a copy of the estate planning file of the late James F. Shepley, the decedent, from attorney Lori J. Cerato. Gertrude Shepley, widow of the decedent and executrix of his estate, has objected to issuance of the subpoena. ("objector"). The petitioner seeks a subpoena for the estate planning files retained by attorney Cerato as part of discovery in a Will challenge claiming undue influence in execution of the Will submitted to probate. Attorney Cerato met with the decedent and drafted the Will the Petitioner is challenging.

Generally, we note that maintaining a client's confidence is a sacred duty of a lawyer. *See* Pennsylvania Rules of Professional Conduct 1.6. This duty continues even after the death of a client. Even when a subpoena is issued for such attorney-client documents, it is common for parties to seek judicial intervention. It is only in the most compelling circumstances, that a court should permit a subpoena for a client's file with their lawyer. One such circumstance where previously permitted is obtaining the file of a scrivener of a Will, where it was alleged the decedent was subject to undue influence. *See Thevaos Estate*, 30 Fiduc. Rep. 2d 140 (Centre County 2010).

Here, petitioner alleges the decedent executed a new Will with attorney Cerato, due to undue influence of the executrix of this Will. At a hearing held January 10, 2014 for other matters related to this estate, attorney Cerato testified regarding a meeting with the decedent and subsequently drafting a Will based upon discussion at that meeting. Attorney Cerato referred to her own notes and other contents in the file at that hearing. While the petitioner could have inspected the file contents and

attorney Cerato's notes at that time and inquired on cross examination, we cannot state at this time that such information is irrelevant or immaterial. The file may contain nothing material or germane to petitioner's claim of undue influence; however, due to the nature of the claim, we believe petitioner has a need to inspect the file.[1]

We find the petitioner is entitled to issue a subpoena to attorney Cerato for a copy of the estate planning file of the decedent including any notes therein made by attorney Cerato. We do so without taking this matter lightly, as we do not question attorney Cerato's veracity. Therefore, the contents of said file shall be maintained under a protective order such that petitioner's counsel shall not provide a copy of the file to anyone else, including his own client (petitioner), nor discuss the contents with anyone other than his client (petitioner) who shall not discuss with anyone else, without further order of court. This will preserve the attorney/client privilege as much as possible.

## ORDER

And now, this 25th day of September, 2014, the objection to Subpoena filed by the executrix of the estate of James F. Shepley are overruled. The petitioner may issue the proposed subpoena to attorney Lori J. Cerato as proposed.

It is further ordered that a protective order shall be in place prohibiting counsel for the petitioner from providing

---

1. We note attorney Cerato testified to facts and circumstances at the time of the January 10, 2014 hearing that were known to her that do not appear to support petitioner's claim; however, since that was a separate proceeding limited to a petition to freeze assets, compel accounting and recovery of assets, and for removal of executrix, the issue remains open at this time.

a copy of the contents of the file to anyone, including the petitioner, nor discuss the contents with anyone except the petitioner, who is also prohibited from discussing the contents with anyone else, without further order of court.